THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| AHMED AL-SHIMARY, ) | Case No.  2:07CV00397 DS |
| Plaintiff, ) | |
| ) | MEMORANDUM DECISION AND |
| vs. ) | ORDER ADDRESSING MOTION TO DISMISS OR REMAND |
| ) | |
| ALBERTO R GONZALES ET AL., ) | |
| Defendants. ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Pursuant to Fed. R. Civ. P. §§ 12(b)(1) and 12(b)(6) the United States has moved to dismiss, or alternatively to remand, Plaintiff's Petition for a Hearing on Naturalization Application under 8 U.S.C. § 1447(b).  For the reasons that follow, Defendant's Motion to Dismiss is denied, and its Motion to Remand is granted.

On May 4, 2005, Plaintiff filed an Application for Naturalization as a United States Citizen with the United States Citizenship and Immigration Service ("CIS") seeking U.S. citizenship.  He was interviewed by CIS and administered the U.S. History, Civics, and English language exam on September 20, 2005. Regulations, however, also require that a full criminal background check of an applicant be completed.  To date, the criminal background check of Mr. Al-Shimary has not been completed and he has not received a decision to grant or deny his application.

When CIS does not grant or deny an application for naturalization within 120 days after the required "examination" of the applicant, the applicant may apply to the district court in which he resides to either determine the matter or remand the matter to CIS with appropriate instructions.  See 8 U.S.C. § 1447(b).  The issue presented, which has been addressed by numerous other courts, is whether for purposes of subject matter jurisdiction the 120 days begins to run after the application interview or after the background investigation is complete.

Because this issue has been fully analyzed by many other courts, this Court sees no need to further elaborate on the issue.  The majority position, which this Court adopts, is clearly set forth by the Fifth Circuit in *Walji v. Gonzales*, — F.3d —, No. 06-20937, 2007 WL 2685028 (5th Cir, Sept. 14, 2007).  On rehearing that case, the Fifth Circuit held that the term "examination" in 8 U.S.C. § 1447(b) refers to CIS's initial interview of the applicant, and not to the entire investigative process which would also include the criminal background check.  For the reasons set forth in that opinion, and the majority view opinions cited therein, this Court agrees and adopts that view as its own.

Having determined that subject matter jurisdiction is present, the Court must decide whether to adjudicate  the application or

remand it to CIS. 8 U.S.C. § 1447(b).  The Court concludes that CIS by way of expertise and personnel is the entity most appropriately equipped and suited to make a decision on Mr Al-Shimary's application.

Accordingly, IT IS ORDERED that Defendants' Motion to Dismiss is denied, and Defendants' alternative Motion to Remand to CIS is granted with instructions that it make determination on Plaintiff's application for naturalization within 120 days.

DATED this 16th day of October, 2007.

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT